# IN THE UNITED STATES DISTRICT COURT FOR
# THE NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| WENDY AUSTIN, ) <br>    Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CHARLES MAINOR, ) <br> RIVERSIDE TRANSPORT, INC., ) <br> AND ) <br> RYDER TRUCK RENTAL, INC. ) <br>    Defendants. ) | Case: 2:21-cv-380 <br><br><br> **JURY DEMANDED** |

## CIVIL COMPLAINT

NOW COMES Plaintiff, WENDY AUSTIN ("Wendy") by and through CUSTY LAW FIRM, LLC, against the Defendants, CHARLES MAINOR ("Mainor"), RIVERSIDE TRANSPORT, INC. ("Riverside Transport"), and RYDER TRUCK RENTAL, INC. ("Ryder") and alleges and states the following:

## THE PARTIES

1. Wendy is a citizen and resident of Lake County, Indiana.

2. Defendant Mainor is a citizen and resident of California. Mainor may be served with legal process at his home address.

3. Defendant Riverside Transport is a corporation organized under the laws of Delaware with its principal place of business located at 5400 Kansas Avenue, Kansas City, KS 66106. Therefore, Defendant Riverside Transport is not a citizen of Indiana. Defendant Riverside Transport's process agent in the State of Indiana is Multi-States Agent for Process, Inc., care of Michael D. Macke, 4008 West 79th Street, Indianapolis, IN 46268.

1

4. At all relevant times, Defendant Riverside Transport was and is engaged in business as an interstate motor carrier transporting property and other items for compensation and does business in Indiana, including and through the Northern District of Indiana.

5. Defendant Ryder Truck Rental, Inc. is a foreign corporation organized under the laws of Florida with its principal place of business located at 11690 NW 105 St., Miami, FL 33178. Therefore, Defendant Ryder Truck Rental, Inc. is not a citizen of Indiana. Defendant Ryder Truck Rental's process agent in the State of Indiana is Corporate Creations Network, Inc., located at 8520 Allison Pointe Blvd. #220, Indianapolis, IN 46250.

6. At all relevant times, Defendant Ryder Truck Rental was and is engaged in business as an interstate motor carrier transporting goods and other items for compensation and does business in Indiana, including and through the Northern District of Indiana.

## BACKGROUND FACTS

7. On December 17, 2019 Wendy drove a 2018 Blue Nissan Sentra eastbound on Interstate 80 in the third lane to the right near the 3.1 mile marker in Lake County, Indiana.

8. Wendy was driving on Interstate 80 and a 2018 Freightliner tractor-trailer ("Vehicle") driven by Defendant Mainor slammed into the rear of her car.

9. At the time of the wreck, Defendant Mainor had a duty to drive in conformance with the Federal Motor Carrier Safety Regulations and Indiana law as well as the industry and corporate standards and guidelines emanating from these safety regulations and Indiana law, including, but not limited to the Required Knowledge and Skills set forth in 49 CFR Sections 383.111 and 383.113 as well as the mandates of 49 CFR Sections 390-395.

10. There was nothing that Wendy could have done to avoid or minimize the collision or the damages resulting therefrom.

2

11. The tractor-trailer was owned by Defendant Ryder and is believed to have been leased to Defendant Riverside Transport, or, in the alternative, to Mainor.

12. Defendant Riverside Transport operated under USDOT #546015 at the time of the crash. This information is publicly available.

13. Defendant Riverside Transport had a reported five violations in 2019 prior to the date of the collision: two were for vehicle Maintenance Violations, and the other three were for unsafe driving going 6-10 miles per hour over the speed limit. This information is publicly available.

14. That in relevant parts, the Federal Motor Carrier Safety Regulations define "Motor Carrier" as a for-hire motor carrier or a private motor carrier; including a motor carrier's agents, officers and representatives as well as employees responsible for hiring, supervising, training, assigning, or dispatching of drivers and employees concerned with the installation, inspection, and maintenance of motor vehicle equipment and/or accessories; this definition includes the term employer. 49 C.F.R. § 390.5.

15. That in relevant parts, the Federal Motor Carrier Safety Regulations define "Motor Vehicle" as any vehicle, machine, tractor, trailer, or semitrailer propelled or drawn by mechanical power and used upon the highways in the transportation of passengers or property, or any combination thereof determined by the Federal Motor Carrier Safety Administration. 49 CFR § 390.5.

16. That in relevant parts, the Federal Motor Carrier Safety Regulations define an "Employer" as any person engaged in a business affecting interstate commerce who owns or leases a commercial motor vehicle in connection with that business or assigns employees to operate it. 49 C.F.R. § 390.5.

17. That in relevant parts, the Federal Motor Carrier Safety Regulations define an "Employee" as any individual, other than an employer, who is employed by an employer and who in the course of his or her employment directly affects commercial motor vehicle safety. Such term

3

includes a driver of a commercial motor vehicle (including an independent contractor while in the course of operating a commercial motor vehicle). 49 C.F.R. § 390.5.

18. That at all times relevant, the truck and trailer driven by Defendant Mainor was a semi-trailer and therefore a motor vehicle as defined by the Federal Motor Carrier Safety Regulations.

19. That at all relevant times, Defendant Mainor, was a driver of said motor vehicle and therefore an employee as defined by the Federal Motor Carrier Safety Regulations.

20. That at all times relevant, Defendant Riverside Transport leased the trailer or commercial motor vehicle in connection with Defendant Mainor's employment from Ryder and was therefore a motor carrier as defined by the Federal Motor Carrier Safety Regulations.

21. At all times relevant, Defendant Riverside Transport was a motor carrier and therefore an employer as defined by the Federal Motor Carrier Safety Regulations.

22. That in its relevant parts, the Federal Motor Carrier Regulations mandate that motor carriers, which includes employers, require observance by their drivers of the duties or prohibitions otherwise prescribed for drivers in the Federal Motor Carrier Safety Regulations. 49 C.F.R. § 390.11.

23. At the time of the collision, Defendant Mainor was operating the tractor-trailer in the course and scope of his employment and/or agency with Riverside Transport and in furtherance of Riverside Transport's business.

## JURISDICTION AND VENUE

24. This Court has jurisdiction for this action under 28 U.S.C. § 1332.

25. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b) insofar as a substantial part of the events or omissions giving rise to the claim occurred within the Northern District of Indiana and other applicable law.

26. This Court has subject matter jurisdiction over the claims asserted in this Complaint.

27. The amount in controversy exceeds $75,000.00 exclusive of interest and costs.

28. There is complete diversity among the parties as Plaintiff is not a citizen of the same state as any Defendant.

## CAUSES OF ACTION

### COUNT I
### Negligence and Negligence Per Se - Mainor

29. Plaintiff incorporates the foregoing allegations as if set forth fully herein.

30. Defendant Mainor had a duty to operate his commercial vehicle in a safe and prudent manner in accordance with his training as a professional commercial motor vehicle driver so as not to endanger the lives and welfare of Wendy and the motoring public. This duty included keeping a proper lookout, paying attention, keeping a safe distance from vehicles in front of him, and operating his commercial vehicle at a reasonable and prudent speed in accordance with the condition of the roadway and all traffic laws and regulations.

31. As a professional truck driver, Defendant Mainor also had a duty to operate his tractor-trailer in accordance with the standards required of commercial vehicle drivers and in accordance with the required skills and knowledge set forth in 49 CFR Sections 383.111 and 383.113; the mandates of 49 CFR Sections 390-395; and industry and corporate standards and guidelines that emanate from these safety regulations.

32. Defendant Mainor breached those duties and is liable for his tortious acts and omissions, which include, but are not limited to, the following:

    a. Failing to keep a lookout for vehicles and traffic ahead;

    b. Failing to perform a proper visual search;

    c. Failing to properly manage his space;

    d. Following too closely;

    e. Failing to yield the right of way to vehicles in front of him on the roadway;

    f. Failing to drive at a safe and reasonable speed under the conditions;

    g. Failing to drive defensively;

    h. Failing to avoid colliding with another vehicle;

    i. Operating a motor vehicle while distracted;

    j. Operating a motor vehicle while fatigued;

    k. Failing to operate the vehicle in a safe and prudent manner, thereby placing the lives and well-being of the public in general, and Wendy in particular, in grave danger;

    l. Failing to adhere to safe driving principles expected of professional drivers;

    m. Failing to operate the truck in accordance with generally accepted safety principles for professional drivers and/or the commercial motor vehicle industry;

    n. Failing to operate the truck in a safe and prudent manner in view of the conditions that existed at the time of the subject collision;

    o. Violating the Indiana rules of the road including Indiana Code § 9-21-5-1 (failing to drive vehicle at a reasonable speed under the conditions) (failing to reduce speed to avoid wreck); Indiana Code § 9-21-5-4 (failing to reduce speed due to traffic and highway conditions); and Indiana Code § 9-21-8-14 (following too closely);

    p. Otherwise failing to act reasonably and prudently as a professional driver should under the circumstances; and

    q. Such other specifications of negligence that shall be added by amendment or proven at trial.

33. As a result of the foregoing breaches of duties, Wendy was physically injured, suffered emotional distress and sustained other permanent and severe personal injuries; incurred and will incur hospital, diagnostic, therapeutic, pharmaceutical, and other medical expenses; suffered and will suffer

6

physical pain, mental suffering, terror, fright, loss of enjoyment of life, and permanent impairment; lost time or wages and impairment of earnings capacity; and incurred other injuries and damages of a personal and pecuniary nature.

34. Defendant Mainor is liable to Wendy for all damages allowed by law for the injuries, harms and losses sustained by Wendy as a result of Mainor's negligence.

35. The Indiana Officer's Standard Crash Report for the wreck provides that the primary cause of the wreck was Mainor following too closely.

36. Following too closely under Indiana law is an act of "aggressive driving" pursuant to Indiana Code § 9-21-8-55 and exhibits a conscious and reckless disregard for the safety and well-being of others and the natural and probable consequences of one's choices.

WHEREFORE, Plaintiff WENDY AUSTIN demands judgment against the Defendant CHARLES MAINOR for compensatory damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

## COUNT II
### *Respondeat Superior - Riverside Transport, Inc.*

37. Plaintiff incorporates the foregoing allegations as if set forth fully herein.

38. At all times material, Defendant Mainor was acting within the course and scope of his employment or agency with Defendant Riverside Transport and was furthering the business interests of Defendant Riverside Transport.

39. Defendant Riverside Transport is liable under the doctrine of *respondeat superior* and the rules of agency for the tortious acts and omissions of their agents, employees, members, representatives, servants or contractors pursuant to applicable law. These acts and omissions include, but are not limited to, the acts and omissions committed by Defendant Mainor on December 17,

7

2019, which are described above and were committed within the course and scope of his agency or employment with Defendant Riverside Transport.

40. As a result of the foregoing breaches of duties, Wendy was physically injured, suffered emotional distress and sustained other permanent and severe personal injuries; incurred and will incur hospital, diagnostic, therapeutic, pharmaceutical, and other medical expenses; suffered and will suffer physical pain, mental suffering, terror, fright, loss of enjoyment of life, and permanent impairment; lost time or wages and impairment of earnings capacity; and incurred other injuries and damages of a personal and pecuniary nature.

41. Alone or in conjunction with the negligence of other Defendants, Defendants Mainor and Riverside Transport's negligence proximately caused the injuries to Wendy.

42. Defendant Riverside Transport is liable to Wendy for all damages allowed by law for the injuries, damages and losses sustained by Wendy as a result of the negligence of Defendant Mainor and/or its own independent negligence.

43. The Indiana Officer's Standard Crash Report for the wreck provides that the primary cause of the wreck was Defendant Mainor following too closely.

WHEREFORE, Plaintiff WENDY AUSTIN demands judgment against the Defendant RIVERSIDE TRANSPORT, INC. for compensatory damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

## COUNT III
### *Negligence - Riverside Transport, Inc.*

44. Plaintiff incorporates the foregoing allegations as if set forth fully herein.

45. As an employer, Defendant Riverside Transport is also independently negligent in the hiring, qualifying, training, entrusting, supervising, and retaining Defendant Mainor in connection with

his operation of a commercial motor vehicle and for otherwise failing to act as a reasonable and prudent employer and motor carrier would under the same or similar circumstances.

46. Defendant Riverside Transport failed to ensure their commercial motor vehicle and driver complied with federal and state laws and regulations.

47. Defendant Riverside Transport failed to properly inspect, maintain, service or repair the tractor and commercial motor vehicle Mainor was driving or pulling.

48. As an employer and motor carrier, Defendant Riverside Transport had certain duties and responsibilities as defined by the Federal Motor Carrier Safety Regulations, other federal law and regulations, Indiana law and industry standards including the duty to properly qualify Defendant Mainor, the duty to properly train Defendant Mainor, the duty to properly inspect and maintain its vehicles and trailers, the duty to make sure its employees are medically able to operate commercial motor vehicles and the duty to otherwise establish and implement necessary management controls and systems for the safe operation of its motor vehicles and trailers.

49. Defendant Riverside Transport was independently negligent in failing to meet its duties and responsibilities under the Federal Motor Carrier Safety Regulations, other federal law and regulations, Indiana law and industry standards.

50. As a result of the foregoing breaches of duties, Wendy was physically injured, suffered emotional distress and sustained other permanent and severe personal injuries; incurred and will incur hospital, diagnostic, therapeutic, pharmaceutical, and other medical expenses; suffered and will suffer physical pain, mental suffering, terror, fright, loss of enjoyment of life, and permanent impairment; lost time or wages and impairment of earnings capacity; and incurred other injuries and damages of a personal and pecuniary nature.

51. Alone or in conjunction with the negligence of other Defendants, Defendant Riverside Transport and Mainor's negligence proximately caused the injuries to Wendy.

52. Defendant Riverside Transport is liable to Wendy for all damages allowed by law for the injuries, harms and losses sustained by Wendy as a result of the negligence of Defendant Mainor and/or its own independent negligence.

53. The Indiana Officer's Standard Crash Report for the wreck provides that the primary cause of the wreck was Mainor following too closely.

WHEREFORE, Plaintiff WENDY AUSTIN demands judgment against the Defendant RIVERSIDE TRANSPORT, INC. for compensatory damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

## COUNT IV
**Punitive Damages - Riverside Transport, Inc. and Mainor**

54. Plaintiff incorporates the foregoing allegations as if set forth fully herein.

55. Defendants Riverside Transport and Mainor have been guilty of such willful misconduct, malice, fraud, wantonness, oppression and an entire want of care sufficient to raise the presumption of conscious indifference to consequences.

56. The aforementioned Defendants' misconduct is so aggravating it authorizes, warrants and demands the imposition of substantial punitive damages against Defendants Riverside Transport, Inc. and Mainor.

WHEREFORE, Plaintiff MARY AUSTIN demands judgment against the Defendants RIVERSIDE TRANSPORT, INC. and CHARLES MAINOR, for punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

## COUNT V
**Negligent Entrustment – Ryder Truck Rental, Inc.**

57. Plaintiff incorporates the foregoing allegations as if set forth fully herein.

58. The elements of negligent entrustment are (1) an entrustment; (2) to an incapacitated person or one who is incapable of using due care at the time of the entrustment; (3) with actual and

specific knowledge that the person is incapacitated or incapable of using due care at the time of the entrustment; (4) proximate cause; and (5) damage.

59. On or before December 17, 2019, and thereafter Ryder owed Wendy and others a duty to behave reasonably.

60. Ryder owned or controlled the Vehicle operated by Mainor on December 17, 2019.

61. At the time Ryder entrusted the Vehicle to Riverside Transport and/or Mainor, and at the time of the wreck on December 17, 2019, Riverside Transport and/or Mainor was incompetent to operate any motor vehicle.

62. On December 17, 2019, Ryder entrusted the Vehicle directly to Riverside Transport and/or Mainor by providing it/him with express permission to operate the Vehicle and by giving Riverside Transport and/or Mainor the keys to the Vehicle.

63. At the time that Ryder provided the Vehicle to Mainor on December 17, 2019, Ryder knew or should have known that Riverside Transport and/or Mainor was not competent to operate the Vehicle.

64. At all relevant times, Ryder had a duty not to place its motor vehicles in the hands of a person whom Ryder, or in the exercise of reasonable diligence could have known, to be an incompetent, careless, or reckless driver.

65. Ryder was careless and negligent in entrusting and/or continuing to entrust the Vehicle to Riverside Transport and/or Mainor.

66. Ryder failed to exercise ordinary care and breached their duty to Wendy when it provided the Vehicle to Riverside Transport and/or Mainor.

67. That the negligence of Ryder concurred with the negligence, incompetency and conduct of Riverside Transport and/or Mainor as a proximate cause of harm to Wendy resulting in her damages.

68. As a direct and proximate result of the negligence of Ryder, Wendy was physically injured, suffered and continues to suffer emotional distress and sustained other severe personal injuries; incurred and will incur hospital, diagnostic, therapeutic, pharmaceutical, and other medical expenses; suffered and will suffer physical pain, mental suffering, and loss of enjoyment of life; lost time or wages and impairment of earnings capacity; and incurred other injuries and damages of a personal and pecuniary nature.

WHEREFORE, Plaintiff WENDY AUSTIN demands judgment against the Defendant RYDER TRUCK RENTAL, INC. for compensatory damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

Respectfully Submitted,

CUSTY LAW FIRM, LLC

/s/ Brian N. Custy
Brian N. Custy (#26329-64)
Andrew G. Brown (#36244-64)
4004 Campbell Street, Suite 4
Valparaiso, IN  46385
219-286-7361
bcusty@custylaw.com
abrown@custylaw.com

## JURY DEMAND

Comes now the Plaintiff, Mary Austin, and demands a trial by jury.

Respectfully Submitted,

CUSTY LAW FIRM, LLC

/s/ Brian N. Custy
Brian N. Custy (#26329-64)
Andrew G. Brown (#36244-64)
4004 Campbell Street, Suite 4
Valparaiso, IN  46385
219-286-7361
bcusty@custylaw.com
abrown@custylaw.com